# National Aniline & Chemical Company v. American Credit Indemnity Company, Appellant.

*Principal and surety—Indemnity bond—Construction.*

Where the bond of a credit indemnity company provides that "in case this company issues to the indemnified a new bond prior to the expiration of this one, losses occurring during the term of the new bond on sales of merchandise shipped within the twelve months immediately prior to the expiration of this bond shall be covered and may be proven under this new bond, subject to its provisions and limitations, the same

as though the goods had been shipped during its term," and a new bond is so issued, there can be no recovery for loss occurring during the pendency of the second bond on goods sold during the pendency of the first to a class of purchasers included in the old bond but excluded by the provisions of the new.

Argued April 21, 1910. Appeal, No. 381, Jan. T., 1909, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1909, No. 600, for want of a sufficient affidavit of defense in case of the National Aniline & Chemical Company v. American Credit Indemnity Company of New York. Before Brown, Mestrezat, Potter, Stewart and Moschzisker, JJ. Reversed.

Assumpsit on an indemnity bond. Before Brégy, P. J. The facts appear in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for want of a sufficient affidavit of defense.

*John G. Johnson*, with him *James Wilson Bayard*, for appellant.—The appellee's loss was not covered by the terms of the second bond: Hogg v. American Credit Indemnity Co., 172 Mass. 127 (51 N. E. Repr. 517); American Credit Indemnity Co. v. Woolen Co., 92 Fed. Repr. 581; People v. Mercantile Credit Guarantee Co., 166 N. Y. 416 (60 N. E. Repr. 24).

*George P. Rich*, with him *Arthur H. Scherer*, for appellee.—The bonds are to be construed together: American Credit Indemnity Co. v. Champion Coated Paper Co., 103 Fed. Repr. 609; Wallace v. Insurance Co., 41 Fed. Repr. 742; Wadsworth v. Jewelers' & Tradesmen's Co., 132 N. Y. 540 (29 N. E. Repr. 1104); Tebbitts v. Mercantile Credit Guarantee Co., 73 Fed. Repr. 95; Teutonia Fire Ins. Co. v. Mund, 102 Pa. 89; Hoffman v. Ins. Co., 32 N. Y. 405; Western Ins. Co. v. Cropper, 32 Pa. 351; Merrick v. German Fire Ins. Co., 54 Pa. 277; Humphreys v. Nat. Benefit Assn., 139 Pa. 264; Bole v. New Hampshire Fire Ins. Co., 159 Pa. 53.

OPINION BY MR. JUSTICE POTTER, July 1, 1910:

In this action of assumpsit the plaintiff sought to hold the defendant liable upon certain bonds or policies of credit indemnity. Upon a rule for judgment for want of a sufficient affidavit of defense judgment was entered by the court below, in favor of the plaintiff and against the defendant, the credit indemnity company. The determination of the question here involved, depends upon the proper construction of the terms and conditions of the bonds upon which suit was brought. It appears that on December 5, 1906, the defendant issued its bond to plaintiff, guaranteeing it, to the amounts specified, against actual loss which might be sustained through the insolvency of certain debtors, during the term of the bond. That term was defined as from December 1, 1906, to December 31, 1907. The bond states that it does not cover any loss occurring after its expiration, and further that it covered no loss unless the debtor to whom the goods were shipped, had, at the date of the shipment of the goods, a certain rating as to capital and credit in Bradstreet's Commercial Agency. By a rider attached to the bond, it was further provided that under certain conditions the liability should extend to losses through debtors not having such ratings, if their accounts were guaranteed by parties who were rated. By still another provision in the bond, it was agreed that in case the credit company should issue a new bond to the plaintiff, and the premium be paid within the term of the first bond, losses occurring during the term of the new bond upon sales and shipments of merchandise made within a certain prior period, should be covered by the new bond, subject to its provisions and limitations, the same as though the goods had been shipped during its term. A new bond was issued by the defendant company to the plaintiff under date of December 14, 1907, covering the term ending December 31, 1908. Its provisions were much the same as those of the first bond, except that the amount of the initial loss to be borne by the indemnified, was somewhat raised, and

no rider was attached to the second bond extending the liability to debtors not having the requisite ratings. During the term of the first bond plaintiff sold and delivered goods to a debtor not rated in the commerical agency but whose account, in accordance with the conditions of the rider attached to the first bond, was guaranteed by one who was so rated. A loss occurred upon such sale, not during the life of that bond, but during the term of the second bond. The court below intimated that in its opinion, the question of defendant's liability under these circumstances was a close one; but ruled it against defendant, and entered judgment. Counsel for appellant concede the soundness of the principle that a policy of insurance is to be construed most strongly in favor of the insured in all questions of doubtful meaning; but they maintain that the clauses of the contract here involved, are clear and explicit, and not of doubtful meaning. We have the fact that the loss arose upon goods sold to the Ford Morocco Company in 1907, during the term of the first bond. As noted above, this firm did not have the required commercial rating, but payment of the account was guaranteed by Stetson & Company, a firm which was rated as required. Both principal debtor and guarantor became insolvent, but not during the term of the first bond. If the insolvency had occurred during the term of the first bond, the defendant would clearly have been liable. Under clause 7 of the first bond, as we have already noted, it is provided that in case a new bond is issued, and the premium therefor is paid prior to the expiration of the first bond, "losses occurring during the term of the new bond, on sales of merchandise shipped and delivered within the twelve months next prior to the expiration of this bond shall be covered and may be proven under the new bond, subject to its provisions and limitations, the same as though the goods had been shipped during its term." By the provisions of the new bond, and the rider attached to it, which by its terms supersedes and takes the place of clause 7 of the first bond, only such losses are covered

and provable as occur on sales to debtors who have the prescribed rating by the commercial agency. There is no reference of any kind to guarantors or to any guarantee in the second bond. Therefore it seems to be clear that no recovery for the loss of a guaranteed account can be had under the second bond, where the principal debtor is not commercially rated as required. As we have already seen, the terms of the first bond forbid a recovery under it for a loss occurring after its expiration, and the extended liability by reason of the new bond is to be covered only in the same way as upon goods sold during the term of the second bond. It follows, therefore, that defendant is not liable under either bond, for the loss for which indemnity is claimed in this case, because it occurred after the termination of the first bond, and the circumstances of the sale do not bring the transaction within the prescribed terms of the second bond, as that contains no provision making the company liable for an account against a debtor having no commercial rating. Very similar questions, under somewhat corresponding provisions in bonds issued by this same defendant company, have arisen in two cases in the United States circuit court of appeals for the sixth circuit: American Credit Indemnity Co. v. Woolen Mills, 92 Fed. Repr. 581, and American Credit Indemnity Co. v. Champion Coated Paper Co., 103 Fed. Repr. 609. The decisions in those cases were based on a construction of a clause numbered 8, of the bonds there in question, which was the corresponding clause to number 7 in the present case. The clauses were so construed as to extend the benefit of the old bond to cover sales of goods made under that bond, in accordance with its terms and conditions, though the losses did not accrue during the life of the first bond. After those decisions were made, the defendant company apparently changed the language of its bonds, in order to protect itself against the construction placed upon clause 8, and substituted the present clause 7, in the bonds involved in the case at bar, for clause 8 in the bonds which were

before the court in the cases above cited.  Clause 8, as construed in the opinions of the federal court, provided that losses occurring after the expiration of the original bond, "may be proven under such renewal bond in accordance with the terms and conditions of such renewal." Clause 7 of the present bond goes further and is much more explicit, in that it provides that such losses "shall be covered and may be proven under the new bond, subject to its provisions and limitations, the same as though the goods had been shipped during its term."  The difference in the two provisions is apparent.  Under the former clause it was held that the losses intended to be protected by the renewal were those covered by the terms of the bond current when the sales were made.  As the clause now stands in the contract, we think it constitutes a clear stipulation that in extending the term of protection of the first bond into the period covered by the second bond, the loss, if any, is to be adjusted as though it had occurred upon goods sold and shipped during the term of the second bond.  The change seems to have been made by the defendant company for the express purpose of meeting the adverse construction of the clause by the court, as above referred to; and it seems to us to be sufficiently clear and definite to accomplish the purpose intended.

The judgment entered in the present case, for want of a sufficient affidavit of defense, is therefore reversed.