United Marble & Tile Company *v.* American
Credit-Indemnity Company of New York,
Appellant.

Argued January 24, 1934. Before FRAZER, C. J.,
SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN,
JJ.

*Reese H. Harris,* of *O'Malley, Hill, Harris & Harris,* for appellant.—This policy does not provide that it will cover a sale to one without rating if his account is guaranteed by one with the rating: National Aniline & Chemical Co. v. American Credit-Indemnity Co., 228 Pa. 588; Kershbaum v. Guarantee & Accident Co., 286 Pa. 213.

Installation of work in a building does not make the owner a "purchaser" or a "debtor": Schwartz v. Whelan, 295 Pa. 425; Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382; Kyle v. Graham, 46 Pa. Superior Ct. 6.

*George Morrow,* for appellee.—In construing a contract the primary rule is to ascertain and give effect to the intention of the parties: Bubb v. Oil Co., 252 Pa. 26; Bangor Peerless Slate Co. v. Slate Co., 270 Pa. 161; McMillin v. Titus, 222 Pa. 500; Stange v. Phila., 308 Pa. 339; McKeever v. Coal Co., 219 Pa. 234.

The appellant cannot complain of any injury if the sale of the marble and tile installed was actually made or intended to be made by appellee to Woloz no matter by what means or through what channels the sale may have been consummated: Sokoloff v. F. & C. Co. of N. Y., 288 Pa. 211.

OPINION BY MR. JUSTICE SCHAFFER, March 19, 1934:

This suit is on a policy of credit indemnity issued by defendant to plaintiff. The case was tried by the court without a jury and the finding was in plaintiff's favor. From the judgment entered defendant appeals.

Appellant issued its policy guaranteeing appellee "against loss......due to insolvency......of debtors ......which loss shall result from......bona fide sales

of marble, title and brick shipped......and delivered in the usual course of business." One of the conditions of the contract was that no loss was covered "unless the debtor to whom the goods were shipped and delivered shall have in the latest published book of the Bradstreet's Mercantile Agency, at the date of the shipment, a capital rating and its accompanying credit rating, as tabulated" in the policy.

Lockett, as contractor, entered into a nonlienable contract with Woloz, as owner, to erect an apartment house. Woloz had a Bradstreet rating; Lockett had not. Woloz, not being satisfied with the subcontractor selected by Lockett to furnish the marble and tile work in the kitchen and bathrooms, arranged to have this work done by the United Marble & Tile Company, the plaintiff. When plaintiff ascertained that Lockett had a general no-lien contract for the erection of the building, it declined to go ahead with the work, but agreed to undertake it if Woloz would "get out from under" the contract with Lockett so far as the marble and tile work was concerned. Woloz through his attorney then took such steps as he deemed necessary to free himself from the general contract and to allow him to deal directly with the marble company. This took the form, so Lockett testified, of the assignment to Woloz of his (Lockett's) interest in the general contract so far as it related to marble and tile. Woloz said that this was done so that he could not be called upon to pay both Lockett and the appellee. This paper apparently was lost. Woloz also executed an agreement with the appellee in which a contract between Lockett and appellee was recited and Woloz undertook to pay the amount due appellee in case Lockett did not do so. After these papers were executed, the appellee shipped the tile and marble to itself at the site of the building and proceeded with and completed the work. Woloz failed to pay plaintiff, which thereupon notified defendant. Defendant proceeded against Woloz and recovered judgment. The judgment proved

to be uncollectible. Plaintiff then brought this suit on the policy of credit indemnity and appellant defended on the ground that the sale by the marble company was a sale to Lockett, who did not have Bradstreet rating and that therefore the policy did not cover the transaction with Woloz as the sale was not made to him and he was merely a guarantor.

Under the peculiar facts as they were developed, we think it not an inescapable conclusion that the sale was made to Lockett. Certainly the delivery was not made to Lockett; it was made to the plaintiff itself. Taking all the facts into account we believe it fair to conclude that the final dealing was between plaintiff and Woloz, who was the actual purchaser. While the papers which were executed were perhaps inartistically prepared and somewhat muddled, what the parties intended to achieve, the actual transaction, as the court below found, was a sale and delivery to Woloz.

National Aniline & Chemical Co. v. American Credit-Indemnity Co., 228 Pa. 588, relied upon by appellant as sustaining its position, is not decisive of the case in hand on its facts. That case does not involve the important fact present here, which is, namely, that the installation was made in the building of the owner at his request, nor does it involve the consignment of the goods by the seller to itself, and the delivery of them to the owner. We there held that the mere guaranty by one with a rating was not sufficient under the terms of the policy and we would so hold if that were all that was shown in the pending case.

Appellant states, as a strong circumstance showing that the sale was made to Lockett, that he gave a note to appellant for the cost of the work. There is evidence in the record that he gave the note, but he testified he did not. No note was produced and the court found none was given. There can be no question that plaintiff's reliance was upon Woloz. It refused to have anything to do with Lockett, because he had no rating, and it never

made delivery to him. Lockett testified that he had nothing to do with the tile and marble work.

In our opinion, there is sufficient in the record to warrant the conclusion reached by the court below.

The judgment is affirmed.